IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ASHLEY HARRINGTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>CREDIT BUREAU OF OPELOUSAS AND GENERAL COLLECTIONS AND RECOVERIES, INC.,<br><br>Defendant. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff ASHLEY HARRINGTON (hereinafter, "Plaintiff"), a Louisiana resident, brings this class action complaint by and through the undersigned attorneys, against Defendant CREDIT BUREAU OF OPELOUSAS AND GENERAL COLLECTIONS AND RECOVERIES, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective

2. collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

3. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Louisiana consumers seeking redress for Defendant's actions of using false, deceptive and misleading representation or means in connection with the collection of an alleged debt.

6. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of Louisiana and is a "Consumer" as

defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with its principal place of business located at 304 North Union Street, Opelousas, Louisiana 70570 and its registered agent located at 125 Bordelais Drive, Opelousas, Louisiana 70570.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to April 1, 2019, an obligation was allegedly incurred to OPELOUSAS GENERAL HOSPITAL

14. The OPELOUSAS GENERAL HOSPITAL obligation arose out of a residential rent transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. The alleged OPELOUSAS GENERAL HOSPITAL obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

16. OPELOUSAS GENERAL HOSPITAL is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

17. Defendant contends that the OPELOUSAS GENERAL HOSPITAL debt is past due.

18. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect

    debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

19. OPELOUSAS GENERAL HOSPITAL directly or through an intermediary contracted the Defendant to collect the alleged debt.

20. On or about April 1, 2019, the Defendant caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged OPELOUSAS GENERAL HOSPITAL debt. *See* **Exhibit A.**

21. The April 1, 2019 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

22. The April 1, 2019 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

23. The Plaintiff received and read the Letter.

24. The Letter stated in part:

    "Please be advised that the Credit Bureau of Opelousas and General Collections and Recoveries, Inc. has been legally assigned the rights of Opelousas General hospital to seek legal redress with respect to monies owed by you to Opelousas General Hospital are past due in the amount of …(819.58)."

25. Pursuant to the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

26. Pursuant to the FDCPA, a debt collector may not falsely represent or imply that it operates or is employed by a consumer reporting agency.

27. The April 1, 2019 collection letter gives the least sophisticated consumer the impression that the communication is from a credit reporting agency by using the title "Credit Bureau" in the name of the company and several times throughout the letter.

28. By inputting this language, the Defendant caused the Plaintiff a real risk of harm. Plaintiff, as would the least sophisticated consumer, would believe she has an incentive to pay this debt sooner, or risk consequences pertaining to the condition of her credit report by this so-called "credit bureau."

29. The letter further stated:

> "Your failure to submit this amount to the office within fifteen (15) legal days from receipt of this letter will result in legal proceedings being instituted against you."

30. Upon information and belief, Defendant had no intention to file legal proceedings against Plaintiff if payment was not received within 15 legal days, as evidenced by the fact that Defendant has to date not sued Plaintiff.

31. By falsely representing that legal proceedings would be initiated against Plaintiff, Defendant violated various provisions of the FDCPA and harmed the Plaintiff.

32. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## CLASS ALLEGATIONS

33. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class.

34. Class A consists of: a) All consumers with addresses in the State of Louisiana b) who were sent a collection letter from the Defendant c) attempting to collect a consumer debt owed to OPELOUSAS GENERAL HOSPITAL, d) which stated in the letterhead that the letter

was coming from the "Credit Bureau of Opelousas" e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

35. Class B consists of: a) All consumers with addresses in the State of Louisiana b) who were sent a collection letter from the Defendant c) attempting to collect a consumer debt owed to OPELOUSAS GENERAL HOSPITAL, d) which stated "Your failure to submit this amount to the office within fifteen (15) legal days from receipt of this letter will result in legal proceedings being instituted against you." e) when no intention to file suit existed f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

36. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

37. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

38. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A,* violate 15 U.S.C. § 1692e.

39. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

40. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

41. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e.

    (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex

      legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    (e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

42. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

43. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §

1692e.

46. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

47. The Defendant violated said section in its letter to the Plaintiff by:

   a. Using a false, deceptive, and misleading representations or means in connection with the collection of a debt;

   b. Making a threat that they had no intention of taking in violation of 1692e(5);

   c. Making a false representation or using deceptive means to collect a debt in violation of 1692e(10);

   d. Making a false representation or implication that it operates or is employed by a consumer reporting agency in violation of 1692e(16).

48. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

   (a)  Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Plaintiff's Counsel, as Class Counsel;

   (b)  Awarding Plaintiff and the Class statutory damages;

   (c)  Awarding Plaintiff and the Class actual damages;

   (d)  Awarding Plaintiff costs of this Action, including reasonable attorneys'

        fees and expenses;

(e)    Awarding pre-judgment interest and post-judgment interest; and

(f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  April 1, 2020

        By:    /s/ Yitzchak Zelman

        Yitzchak Zelman, Esq.
        MARCUS ZELMAN, LLC
        701 Cookman Avenue, Suite 300
        Asbury Park, New Jersey 07712
        Phone: (732) 695-3282
        Facsimile: (732) 298-6256
        Email: yzelman@marcuszelman.com
        *Attorneys for Plaintiff*
        PRO HAC VICE MOTION FORTHCOMING

        s/Garth J. Ridge
        **GARTH J. RIDGE**
        Attorney for Plaintiff
        Bar Roll Number:  20589
        251 Florida Street, Suite 301
        Baton Rouge, Louisiana 70801
        Telephone Number: (225) 343-0700
        Facsimile Number: (225) 343-7700
        E-mail: GarthRidge@aol.com